■ LIPSIG, SULLIVAN & LIAPAKIS, P. C., Plaintiff, v SETH D. BYKOFSKY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. HARRY LIPSIG, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered December 4, 1990, which granted third-party defendant Harry Lipsig's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, the motion is denied, and the third-party complaint is reinstated.

Plaintiff Lipsig, Sullivan & Liapakis, P. C. brought an action against the defendant Seth D. Bykofsky, a former associate of the firm, alleging that he and his co-defendant, the law firm of McCarthy, Armienti & Samel, conspired to divert clients from plaintiff to the co-defendant. Plaintiff asserted theories of fraud and concealment, breach of trust and an employee's duty of loyalty, unjust enrichment, and conversion. Bykofsky then commenced a third-party action seeking indemnity against Harry Lipsig alleging that all Bykofsky's actions as an associate of plaintiff, in particular with respect to the referral of cases, were directly controlled and undertaken at the request of Lipsig, the plaintiff's founder, lead attorney and majority shareholder.

Lipsig moved to dismiss the third-party complaint on the ground that Bykofsky, as agent, is not entitled to indemnification from his principal, as a matter of law. The IAS court granted the motion on the ground that if Bykofsky were able to establish that his actions were authorized by Lipsig, then the breach of fiduciary duty cause of action would necessarily fall, there could be no judgment against Bykofsky, and consequently no basis for indemnification. However, the causes of action alleged against Bykofsky are grounded in theories that extend beyond breach of fiduciary duty, although closely related, and Bykofsky had alleged in his affidavit in opposition to the motion that Lipsig conducted an extensive individual practice in addition to that maintained by him as a principal of the plaintiff. Thus, at trial the fact-finder might find that Bykofsky acted against the interests of plaintiff, but nevertheless acted pursuant to Lipsig's directions while Lipsig was acting in his individual capacity, rather than on behalf of plaintiff.

"It is the general rule that an agent is entitled to reimbursement for payments made from his own funds for necessary expenses incurred within his authority, in order to consummate that which he is employed or directed to do by his principal. Under this rule the principal should reimburse the agent for, or exonerate him from * * * payments of damages to third persons which he is required to make on account of the authorized performance of an act which constitutes a tort or a breach of contract" (3 NY Jur 2d, Agency, § 220; *see,* Restatement [Second] of Agency § 439 [c], comment *g*). Accordingly, Bykofsky's third-party complaint should not have been dismissed for failure to state a cause of action.

Lipsig's arguments regarding the unlikelihood that he would authorize referrals to the McCarthy firm against his financial interests only suggest that the third-party action may later be subject to a summary judgment motion. We have not addressed Bykofsky's argument that he may have a cause of action for indemnity for the costs incurred in defending the main action against him even if he is exonerated of wrongdoing to the plaintiff, because his third-party action does not seek such relief. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.